THE HUNT-AYLMER CORPORATION, Respondent, v. JOSEPH LANDY, Individually and Doing Business under the Firm Name and Style of HILLSIDE AUTO SALES COMPANY, Appellant, and JAMES A. WHITE and JOHN DOE, Defendants.— Judgment affirmed, with costs. The circumstances surrounding the transaction did not warrant appellant in relying upon White's possession and the bill of sale he held. Appellant did not even know that his seller was White, the purchaser from plaintiff, although in fact he was. The court was justified in finding that appellant, acting as a reasonably prudent business man, should have realized that White's purchase may not have been honestly made, and that he should have made fair inquiry; that the alleged attempt at inquiry at the time of the transaction had not been made, or, if made, it and the limited inquiry made the morning following the transaction, were intended as a cloak or cover of appellant's belief that White's purchase was not an honest one. There was even reason for the court to find that appellant and White were acting in concert. Appellant urges reversal on the ground that there was a failure to prove the value of the chattel at the time of the trial. (Civ. Prac. Act, § 1120.) The stipulation made at the beginning of the

trial that the value of the automobile was $1,074 at the time of the transaction, in the face of a purchase price of $1,274; the silence of appellant during the trial with respect to any claim that the value at the time of the trial had not been proved; appellant's proposed finding in accordance with the stipulation, and the absence of any suggestion in appellant's proposed findings as to the value at the time of trial, indicate that the case was tried on the theory that if the court's determination should be in favor of plaintiff, the value should be fixed at $1,074, omitting any damages for detention. (Civ. Prac. Act, § 1118.) Lazansky, P. J., Young, Kapper and Carswell, JJ., concur; Davies, J., dissents and votes for reversal and dismissal on the ground that White, the seller, had admittedly a valid bill of sale and possession of the car at the time he sold it to defendant Landy, and under that state of facts the latter was not required to make further inquiry.